UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>                    Plaintiff,<br><br>          v.<br><br>FIVE KEYS SCHOOLS AND<br>PROGRAMS,<br><br>                    Defendant. | Case No.  25-cv-08457-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

## I.    INTRODUCTION

Plaintiff John Doe, proceeding pro se, filed this action against Defendant Five Keys Schools and Programs arising from events at a shelter in San Francisco operated by Five Keys. Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 22.  Plaintiff filed an Opposition (ECF No. 25) and Defendant filed a Reply (ECF No. 28).   The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the March 5, 2026 hearing.  For the reasons stated below, the Court **GRANTS** the motion.[1]

## II.    BACKGROUND

Plaintiff alleges he is a "legally present asylum seeker" with documented physical and mental disabilities, including PTSD, chronic pain, and mobility impairment.  Compl. at 3, ECF No. 1.  He alleges that on or about September 30, 2025, while residing at the Five Keys Shelter in San Francisco, shelter staff issued an Immediate Denial of Service (DOS) and required him to leave without warning or reasonable accommodation, despite staff's knowledge of his disabilities.

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 13, 26.

United States District Court  
Northern District of California

*Id.* Plaintiff alleges staff accused him of wrongdoing and labeled him disruptive, imposed the DOS without written warning, verbal de-escalation, or progressive discipline, and denied his request to retrieve prescription medications, passport, and clothing from his shelter room. *Id.* According to the complaint, the loss of access to medications caused nausea, migraines, pain, and distress. *Id.*

Plaintiff alleges he was left without medical access, legal identification, hygiene items, or safe shelter; was forced to carry a heavy backpack and laptop; and that this aggravated existing injuries to his hips, spine, left arm, and legs and restricted his mobility. *Id.* at 4. He alleges threats and near-physical intimidation by multiple shelter staff before and after the DOS, an atmosphere of fear and retaliation within the shelter, and that Five Keys staff photographed him without his permission, which he contends caused emotional distress. *Id.* Plaintiff further alleges he was falsely accused without an investigation, that management did not respond to grievance forms, and that the shelter lacked a disability coordinator or an accessible accommodation process. *Id.* He alleges he was denied bathroom and shower access for multiple days before the DOS, that his complaints were ignored or mocked, and that he was isolated and intimidated when seeking equal treatment. *Id.* He contends the suspension functioned as an eviction because he had nowhere else to go and no way to return. *Id.*

Plaintiff alleges he sought treatment at Zuckerberg San Francisco General Hospital but was told staff could not provide meaningful care for chronic conditions or housing-related risks. *Id.* He missed medical and legal appointments due to lack of medication, rest and safe housing. *Id.* He also suffered long-term physical harm and worsened PTSD symptoms. *Id.* He alleges he spent over $500 on replacement necessities and remained without shelter support while awaiting a program hearing scheduled for October 6, 2025. *Id.*

Plaintiff filed the present complaint on October 3, 2025, alleging Defendant acted with deliberate indifference and retaliated against him for asserting rights to accommodation and safety, leading to continuing pain, fear, and distress. He brings claims under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983 (Equal Protection and Due Process), and the Fair Housing Act. *Id.* at 5-6. These claims are also asserted against

United States District Court
Northern District of California

2

"John Doe Shelter Ambassador(s); Does 1-5." *Id.* at 5.  Plaintiff seeks $20,000,000 in damages, an injunction prohibiting further retaliation, and a declaratory judgment "confirming the constitutional violations." *Id.* at 7.

Defendant filed the present motion on January 21, 2026.

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief.  *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   Rule 8

Defendant first argues Plaintiff's complaint fails to comply with Rule 8 because it does not allege facts that state the elements of his claims plainly and succinctly.  Mot. at 3-4.  Defendant argues the complaint contains only vague and conclusory allegations, such as that "shelter staff retaliated against" Plaintiff, that Plaintiff "was evicted without warning, accommodation, mediation or due process protections," and that Plaintiff "was blocked from medical and shelter access" without any factual allegations in support.  *Id.* (quoting Compl. at 5).  Defendant also argues the complaint does not set forth the elements of any claim.  *Id.*

While Plaintiff has stated facts that are plausible, the Court agrees that he has not properly tied the alleged facts to his claims.  To start, Plaintiff names Five Keys Schools & Programs and "John Doe Shelter Ambassador(s); Does 1-5" as defendants without explaining why each is liable for each cause of action.  Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them.  A plaintiff must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (cleaned up).  As to the claims themselves, Plaintiff lists four claims, but he does not set forth the elements of any claim, and he does not tie any of the alleged facts to these claims.  As such, the Court finds Plaintiff's complaint does not provide defendants with "fair notice" of the claims against them and the grounds for relief.  *See Twombly*, 550 U.S. at 555 (A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Accordingly, the Court **GRANTS** Defendant's motion **WITH LEAVE TO AMEND**.

To comply with Rule 8's pleading requirement, Plaintiff must amend the complaint to allege: (1) the specific laws or rights he thinks the defendant(s) violated; (2) for each law or right, state the specific factual allegations that connect each defendant with the alleged wrongdoing,

4

including the dates, the names of people involved (if known), and what those people did to him; (3) how he was harmed; and (4) what relief he seeks.

**B.      Title II of the ADA**

Defendant argues Plaintiff's Title II claim fails because Plaintiff (1) does not allege it is a public entity and (2) fails to allege how he was denied a benefit or subjected to discrimination by reason of a disability.  Mot. at 5.

Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  The ADA defines "public entity" as "any State or local government [and] department, agency, special purpose district, or other instrumentality of a State or States or local government.'"  42 U.S.C. § 12131(1).  To state a claim pursuant to Title II, a plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quotation and alteration omitted).

Plaintiff does not allege that Defendant Five Keys is a public entity.  Defendant states it is not.  *See* Mot. at 5 n.2 ("Five Keys is not, in fact, a public entity) (citing https://www.fivekeyscharter.org/).  As such, dismissal is appropriate.  *See Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1045 (N.D. Cal. 2012) ("Title II provides for liability only against public entities").  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claim under Title II of the ADA.

However, it may be possible for Plaintiff to state a claim under Title III of the ADA, which provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a

place of public accommodation." 42 U.S.C. § 12182(a). To establish a claim under this provision, Plaintiff must show (1) he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of public accommodation; and (3) he was denied full and equal treatment by Defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Accordingly, dismissal is with **LEAVE TO AMEND**.

### C.      Rehabilitation Act

Defendant argues Plaintiff's Rehabilitation Act claim must be dismissed because he (1) does not allege Five Keys received federal financial assistance, (2) fails to allege facts establishing he was discriminated against because of his disability, and (3) fails to allege Defendant engaged in intentional discrimination. Mot. at 5-6.

The Rehabilitation Act prohibits discrimination in federally funded programs. It provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a claim under section 504 of the Rehabilitation Act, a plaintiff must allege facts showing that "(1) he is an 'individual with a disability'; (2) he is 'otherwise qualified' to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (cleaned up).

As noted above, Plaintiff fails to tie any allegations to his Rehabilitation Act claim. Accordingly, the Court **GRANTS** Defendant's motion **WITH LEAVE TO AMEND**. If Plaintiff chooses to amend this claim, he must plead all four elements of a Rehabilitation Act claim and include factual allegations that are plausible for each element.

### D.      42 U.S.C. § 1983

Defendant argues Plaintiff's § 1983 claim fails because it is a private party that cannot be held liable under the statute. Mot. at 7.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp.*

*Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Nunn v. LeBlanc*, 2014 WL 1089551, at *3 (N.D. Cal. Mar. 17, 2014), *aff'd sub nom. Nunn v. Le Blanc*, 627 F. App'x 610 (9th Cir. 2015).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

"[M]ost rights secured by the Constitution are protected only against infringement by governments," so "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982) (internal quotation marks omitted).  Thus, a plaintiff seeking to challenge a private party's conduct under § 1983 must show that "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State," meaning that the private party's conduct is "state action."  *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) (quoting *Lugar*, 457 U.S. at 936-37).  If the conduct "is not so attributable, then there is no 'state action' and no violation."  *Id*.  Purely private conduct, no matter how wrongful, is not covered under § 1983.  *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).   For such private conduct the wrongdoer faces potential liability in state courts, but a federal action would not lie under § 1983.  *Id.*

Plaintiff does not allege Defendant is a public entity, and Defendant maintains it is a private entity, so Plaintiff's § 1983 claim cannot proceed unless he has plausibly alleged Defendant's conduct is "state action."  "In the typical case raising a state-action issue, a private party has taken the decisive step that caused the harm to the plaintiff, and the question is whether the State was sufficiently involved to treat that decisive conduct as state action.  This may occur . . . sometimes if [the State] knowingly accepts the benefits derived from unconstitutional behavior."  *Nat'l Collegiate Athletic Ass'n. v. Tarkanian*, 488 U.S. 179, 192 (1988).  Constitutional claims may exist only "when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains."  *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n.*, 531 U.S.

United States District Court
Northern District of California

288, 295 (2001) (quotations omitted) (emphasis in original).  As Plaintiff has alleged no such facts here, dismissal is appropriate.  Accordingly, the Court **GRANTS** Defendant's motion **WITH LEAVE TO AMEND**.

### E.    Fair Housing Act

Defendant argues Plaintiff's claim under the Fair Housing Act (FHA) fails because (1) he does not allege any facts showing it discriminated against him because of a handicap and (2) although the complaint asserts Plaintiff was not provided an "accommodation," there are no facts alleged regarding any such accommodation.  Mot. at 8.

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person."  42 U.S.C. § 3604(f)(2)(A).  To state a discrimination claim under the FHA, the plaintiff must establish a prima facie case by alleging facts that: (1) plaintiff's rights are protected under the FHA; and (2) as a result of defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury.  *See Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  Where, as here, plaintiff is alleging discrimination based on disability, he must suffer from a handicap as defined in 42 U.S.C. § 3602(h).  *See United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997).  The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment."  42 U.S.C. § 3602(h).

Discrimination includes the "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  *Id.* § 3604(f)(3)(B).  To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate: (1) "he suffers from a handicap"; (2) "defendants knew or reasonably should have known of the plaintiff's handicap"; (3) "accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling"; and (4) "defendants refused to make such accommodation."  *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *United*

United States District Court
Northern District of California

*States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374 (9th Cir. 1997)).

Plaintiff's claim is deficiently pled because he fails to allege facts showing Defendant discriminated against him because of a disability. *See Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) (dismissing FHA claim because "the Court cannot assess whether Drawsand has a handicap within the meaning of § 3602(h) because she does not provide any details regarding her alleged disability."). Moreover, although Plaintiff asserts he was not provided an "accommodation," there are no facts alleged regarding any such accommodation. As such, the Court finds Plaintiff fails to state a claim under the FHA, and dismissal is appropriate. Accordingly, the Court **GRANTS** Defendant's motion **WITH LEAVE TO AMEND**.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. If he chooses to do so, Plaintiff may file an amended complaint by March 30, 2026.

### A.    Requirements for Amended Complaint

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued. In addition, any amended complaint must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (25-cv-08457-TSH), the title ("FIRST AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case. A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants

United States District Court
Northern District of California

9

are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.    Assistance for Self-Represented Litigants**

The Court encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982.  At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at

https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case.  The handbook is available in person at the Clerk's Office and online at:

https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: February 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California