UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

              Plaintiff,

    v.

FIVE KEYS SCHOOLS AND PROGRAMS,

              Defendant.

Case No. 25-cv-08457-TSH

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 31

## I.    INTRODUCTION

Plaintiff John Doe, proceeding pro se, filed this action against Defendant Five Keys Schools and Programs arising from events at a shelter operated by Five Keys in San Francisco. Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 31.  Plaintiff filed an Opposition[1] (ECF No. 33) and Defendant filed a Reply (ECF No. 34).   The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).  For the reasons stated below, the Court **GRANTS** the motion.[2]

## II.    BACKGROUND

**A.    Factual Background**

Plaintiff alleges he is a "legally present asylum seeker with documented disabilities," including post-traumatic stress disorder, chronic pain, and mobility impairment.  First Am. Compl. (FAC) at 3, ECF No. 30.  He contends Five Keys operated, administered, controlled, supervised,

---

[1] On April 14, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute after he failed to file an opposition by the deadline.  ECF No. 32. Having reviewed his response (which he filed as part of his opposition), the Court **DISCHARGES** the show cause order.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 13, 26.

and/or funded the shelter program at issue and was responsible for the acts of shelter managers, intake personnel, ambassadors, supervisors, and other staff relevant to his claims. *Id.*

On or about September 30, 2025, while residing at the Five Keys shelter, staff imposed an Immediate Denial of Service (DOS) that functioned as Plaintiff's immediate expulsion from shelter services. *Id.* at 4, 5. Plaintiff alleges he was forced to leave without warning, mediation, de-escalation, progressive discipline, or meaningful efforts to accommodate his disabilities, and without adequate notice of the charges or a meaningful opportunity to be heard. *Id.* at 5. He further alleges Five Keys lacked a disability coordinator and an accessible accommodation process. *Id.*

Plaintiff claims he requested access to prescription medications, his passport, clothing, and other essential belongings stored in his shelter room, but staff denied those requests. *Id.* at 5, 6. He alleges the medications included treatments for chronic pain, anxiety, and gastrointestinal issues, and that denial of access resulted in nausea, migraines, increased pain, and significant distress. *Id.* at 5. Plaintiff asserts he sought SFPD accompaniment to retrieve his items, but the responding officer declined to assist, characterizing the matter as non-criminal, leaving him without medication, identification, hygiene items, or safe shelter. *Id.* at 6.

Plaintiff alleges that following the DOS he was required to carry a heavy backpack and laptop for safety, which aggravated pre-existing injuries to his hips, spine, left arm, and legs, restricted his mobility, and disrupted his sleep due to pain and fear of assault. *Id.* He further alleges an atmosphere of fear and retaliatory enforcement at the shelter, including threats and near-physical intimidation by staff, residents' fears of retaliation for complaints, and non-consensual photography during intake and related processes that caused him emotional distress. *Id.*

Plaintiff asserts there was no meaningful investigation, mediation, or response to his grievances before or after the DOS, and that in the days leading up to the DOS he was denied bathroom and shower access and mocked or ignored when he complained. *Id.* at 6-7. Although a program hearing was scheduled for October 6, 2025, Doe alleges he remained without shelter support in the interim and that the supposed three-day suspension operated as an eviction because

United States District Court
Northern District of California

he had nowhere else to go and no safe way to return. *Id.* at 7, 11. He alleges that as a result he sought urgent care at Zuckerberg San Francisco General Hospital, missed medical and legal appointments, and spent more than $500 on replacement necessities. *Id.* at 7. Plaintiff claims ongoing pain, emotional distress, fear, worsening PTSD symptoms, instability, humiliation, sleep disruption, and physical hardship stemming from Defendant's conduct. *Id.*

Plaintiff alleges Five Keys receives federal financial assistance, that the shelter constituted housing or housing-related services within the meaning of the Fair Housing Act, and that Five Keys operated the shelter as part of San Francisco's publicly funded or coordinated homeless services system. *Id.* at 8. He further alleges Five Keys exercised authority delegated by local government over admission, discipline, exclusion, and access to shelter services and acted under color of state law, and that the conduct was carried out pursuant to policies, customs, practices, and failures to train or supervise, including inadequate accommodation and grievance procedures and arbitrary DOS enforcement. *Id.*

**B.    Procedural Background**

Plaintiff filed his initial complaint on October 3, 2025, alleging Five Keys acted with deliberate indifference and retaliated against him for asserting rights to accommodation and safety, leading to continuing pain, fear, and distress. ECF No. 1. He brought claims under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a); 42 U.S.C. § 1983 (Equal Protection and Due Process); and the Fair Housing Act (FHA), 42 U.S.C. § 3604(f)(2)(A). *Id.* at 5-6. Plaintiff sought $20,000,000 in damages, an injunction prohibiting further retaliation, and a declaratory judgment "confirming the constitutional violations." *Id.* at 7.

On January 21, 2026, Five Keys moved to dismiss Plaintiff's original complaint. ECF No. 22. On February 27 the Court granted Five Keys' motion. ECF No. 29; 2026 WL 555493, at *5 (N.D. Cal. Feb. 27, 2026). The Court found the complaint failed to comply with Federal Rule of Civil Procedure 8 because it did not tie specific facts to each claim and did not provide fair notice of his claims. *Id.* at 4. The Court dismissed Plaintiff's Title II claim because Plaintiff did not allege Five Keys is a public entity, and Title II imposes liability only on public entities. *Id.* at 5.

United States District Court
Northern District of California

Dismissal was with leave to amend, noting Plaintiff may be able to plead a Title III ADA claim instead. *Id.* at 5-6. The Court dismissed Plaintiff's Rehabilitation Act claim with leave to amend because he failed to tie allegations to this claim and did not plead the required elements. *Id.* at 6. The Court dismissed Plaintiff's § 1983 claim with leave to amend because Five Keys is a private entity and Plaintiff alleged no facts showing state action attributable to it. *Id.* at 6-8. The Court dismissed the FHA claim with leave to amend because Plaintiff did not allege facts showing discrimination because of a disability or facts about any requested accommodation. *Id.* at 8-9.

On March 30, 2026, Plaintiff filed the operative First Amended Complaint, alleging five causes of action: (1) violation of Section 504 of the Rehabilitation Act, (2) Disability Discrimination and Failure to Accommodate under the FHA; (3) Retaliation and Interference with Fair Housing Rights, 42 U.S.C. § 3617; (4) 42 U.S.C. § 1983 (Due Process); and (5) 42 U.S.C. § 1983 (Equal Protection and Disability-Based Arbitrary Treatment). Plaintiff seeks $20,000,000 in damages and declaratory and injunctive relief.

Five Keys filed the present motion on March 26, 2026.

### III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v.*

United States District Court
Northern District of California

*St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.      Rehabilitation Act

In his cause of action under the Rehabilitation Act, Plaintiff alleges:

56. Plaintiff is a qualified individual with disabilities.

57. On information and belief, Defendant receives federal financial assistance.

58. Defendant denied Plaintiff meaningful access to shelter services, hygiene access, bathroom and shower access, fair review processes, medication retrieval, and safe continuation of shelter support.

59. Defendant failed to make reasonable accommodations for Plaintiffs disabilities despite knowledge of Plaintiffs PTSD, chronic pain, mobility impairment, and medical needs.

60. Defendant excluded Plaintiff from participation in, denied Plaintiff the benefits of, and otherwise subjected Plaintiff to discrimination under its program by reason of disability and disability-related needs.

61. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries alleged above.

FAC ¶¶ 56-61.  Defendant argues this claim must be dismissed because Plaintiff fails to allege

United States District Court
Northern District of California

facts establishing he was discriminated against because of his disability and fails to allege Defendant engaged in intentional discrimination.  Mot. at 4-5.

The Rehabilitation Act prohibits discrimination in federally funded programs.  It provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  A plaintiff bringing suit under section 504 must show: "(1) she is a qualified individual with a disability; (2) she was denied a reasonable accommodation that she needs in order to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives federal financial assistance."  *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (cleaned up).

Unlike his prior complaint, Plaintiff has set forth the elements of a Rehabilitation Act claim, but he sets forth his factual allegations in a conclusory fashion.  This holds true for all five of Plaintiff's claims, in which he "incorporates by reference" all preceding paragraphs.  FAC ¶¶ 55, 62, 69, 74, 81.  But he fails to meaningfully distinguish which facts are relevant to the various causes of action.  "Rule 8(d)(2) permits a party to 'set out 2 or more statements of a claim . . . either in a single count . . . or in separate ones,' but that does not relieve the party of the obligation to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gibson v. City of Portland*, 165 F.4th 1265, 1291–92 (9th Cir. 2026) (quoting Fed. R. Civ. P. 8(a)(2)).  As such, the Court finds the amended complaint fails to comply with Rule 8.  *See Powell v. Young Cmty. Devs.*, 2026 WL 699616, at *4 (N.D. Cal. Mar. 12, 2026) (finding complaint did not comply with Rule 8 where the plaintiff "recites his factual allegations, but at no point does he tie these allegations to his multiple claims, leaving the reader to guess as to which facts are tied to which allegations and against which defendant(s)."); *Castaneda v. 6939 Fair Oaks Blvd TIC LLC*, 2026 WL 734453, at *3 (E.D. Cal. Mar. 16, 2026) (complaint did not comply with Rule 8 because "Plaintiffs SAC contains 10 counts and each realleges and incorporates all prior paragraphs."); *Kawamura v. Mammoth Hosp.*, 2026 WL 710311, at *7 (E.D. Cal. Mar. 13, 2026) (complaint did not comply with Rule 8 because where Plaintiff "reallege[d] and incorporate[d] herein by

reference all preceding paragraphs as though fully set forth herein.").  Simply asserting the vague and conclusory allegation that a plaintiff was discriminated against by reason of a disability is insufficient.  *See, e.g.*, *M.P.G. by & through Guzman v. Antioch Unified Sch. Dist.*, 2023 WL 4053794, at *3 (N.D. Cal. June 16, 2023) (dismissing Rehabilitation Act claim where "there are no factual allegations in the complaint to suggest that any of these failures were motivated by a discriminatory animus based on his disability"); *J.R. by & Through Ringer v. Lakeport Unified Sch. Dist.*, 2018 WL 6726999, at *3 (N.D. Cal. Dec. 21, 2018) (dismissing Rehabilitation Act claim where plaintiff "failed to allege discrimination based on plaintiff's disability."); *Vasquez v. Reece Sch.*, 2024 WL 497435, at *9 (S.D. N.Y. Jan. 24, 2024) ("Plaintiffs allege only in a conclusory fashion that 'Defendant excluded J.V. from participation in, and denied J.V. the benefits of, services, programs, and activities . . . because of J.V.'s disabilities.'  This is insufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6).").  Thus, Plaintiff must amend this claim to state the specific factual allegations that show how he was discriminated against by reason of a disability.  *See Velasquez v. Donahoe*, 2012 WL 12973522, at *2 (N.D. Cal. July 30, 2012), *aff'd sub nom. Velasquez v. Brennan*, 678 F. App'x 572 (9th Cir. 2017) ("Plaintiff again fails to allege any facts which, if true, would show that he was terminated because of his disability.  Therefore, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for disability discrimination.").

Further, Plaintiff seeks at least $20,000,000 in damages.  FAC ¶ 86.  But to prevail on a claim for damages under section 504, Plaintiff "must prove a *mens rea* of 'intentional discrimination' and that standard may be met by showing 'deliberate indifference,' not only by showing 'discriminatory animus.'"  *A.G.*, 815 F.3d at 1204 (cleaned up).  The statute substantively requires provision of a reasonable accommodation regardless of whether it has been intentionally denied, but the remedy of damages is only available upon a showing of intentional discrimination. *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008).

> Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood. The plaintiff establishes the requisite knowledge (or notice) on behalf of the defendant when she shows that she alerted the public entity to her need for accommodation (or where the need

United States District Court
Northern District of California

for accommodation is obvious, or required by statute or regulation).

*A.G.*, 815 F.3d at 1204 (cleaned up).

Even where such notice has been provided, "a failure to act must be more than negligent," and instead must "involve[ ] an element of deliberateness." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 469 (9th Cir. 2015) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)). "[B]ureaucratic slippage that constitutes negligence rather than deliberate action or inaction" is not sufficient. *Duvall*, 260 F.3d at 1139. Thus, if Plaintiff seeks damages based on his Rehabilitation Act claim, he must also plead the necessary mens rea requirement. For a claim with a mens rea requirement (here, intent or deliberate indifference), a bare assertion that a defendant "knew or should have known" of a risk is the sort of "[t]hreadbare recitals of the elements of a cause of action" and "mere conclusory statement[ ]" that does not suffice to state claim. *See Iqbal*, 556 U.S. at 678–79.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Rehabilitation Act claim. As it is not clear that the pleading could not possibly be cured by the allegation of other facts, dismissal is **WITH LEAVE TO AMEND**.

**B.      Discrimination and Failure to Accommodate Under the FHA, 42 U.S.C. § 3604**

In his second cause of action, brought under FHA, Plaintiff alleges:

> 63. The shelter at issue functioned as housing, temporary housing, dwelling space, and housing-related services covered by the Fair Housing Act.
>
> 64. Plaintiff is a person with disabilities within the meaning of the Fair Housing Act.
>
> 65. Defendant discriminated against Plaintiff in the terms, conditions, privileges, services, and facilities connected with Plaintiffs housing arrangement because of disability.
>
> 66. Defendant refused to make reasonable accommodations in rules, policies, practices, or services when such accommodations were necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling or associated services.
>
> 67. Defendant's discriminatory conduct included immediate expulsion, denial of medication retrieval, denial of hygiene access, denial of bathroom and shower access, failure to provide a disability coordinator or accessible process, and refusal to consider lesser or accommodated alternatives.

United States District Court
Northern District of California

68. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries alleged above.

FAC ¶¶ 63-68.  Defendant argues this claim must be dismissed because there are no factual allegations identifying either Defendant's alleged discriminatory conduct or the terms, conditions, privileges, services, and facilities at issue.  Mot. at 6.  Defendant notes Plaintiff alleges it "refused to make reasonable accommodations in rules, policies, practices, or services," but what specific accommodation Plaintiff requested or that was necessary is not stated.  *Id.* (quoting FAC ¶ 66).

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person."  42 U.S.C. § 3604(f)(2)(A).  To state a discrimination claim under the FHA, Plaintiff must establish a prima facie case by alleging facts that (1) his rights are protected under the FHA; and (2) as a result of Defendant's discriminatory conduct, he has suffered a distinct and palpable injury.  *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).  Where, as here, Plaintiff is alleging discrimination based on disability, he must suffer from a handicap as defined in 42 U.S.C. § 3602(h).  *United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997).  The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment."  42 U.S.C. § 3602(h).

Discrimination includes the "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  *Id.* § 3604(f)(3)(B).  To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate: (1) "he suffers from a handicap"; (2) "defendants knew or reasonably should have known of the plaintiff's handicap"; (3) "accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling"; and (4) "defendants refused to make such accommodation."  *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374 (9th Cir. 1997)).

United States District Court
Northern District of California

9

United States District Court
Northern District of California

Like his Rehabilitation Act claim, Plaintiff's FHA claim is deficient because he fails to allege specific facts showing Defendant discriminated against him because of a disability. According to the FAC, the "discriminatory conduct" consisted of Plaintiff's expulsion, the denial of his medication, the denial of bathroom access, the failure to provide a disability coordinator and "refusal to consider lesser or accommodated alternatives." FAC ¶ 67. But what specific accommodation (or accommodations) Plaintiff requested or that were necessary is not stated. As such, the Court finds Plaintiff fails to state a claim under the FHA. *See Ohana v. Marriott*, 2016 WL 11760169, at *8 (C.D. Cal. Nov. 8, 2016) (dismissing FHA claim where plaintiff "met her pleading requirements that she suffered from a handicap and that Defendants knew or reasonably should have known of her handicap," but "she had not pled sufficient allegations that she had requested an accommodation under the FHA or that Defendants refused to make the accommodation."); *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) (dismissing FHA claim because court "cannot assess whether Drawsand has a handicap within the meaning of § 3602(h) because she does not provide any details regarding her alleged disability" and "even if Drawsand could make a sufficient showing that she is, in fact, disabled within the meaning of § 3602(h), she has failed to allege any facts from which the inference can be drawn that the County Defendants sought to terminate her Section 8 benefits 'because of' her handicap.").

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's FHA discrimination claim. As it is not clear that the pleading could not possibly be cured by the allegation of other facts, dismissal is **WITH LEAVE TO AMEND**.

**C.      Retaliation and Interference Under the FHA, 42 U.S.C. § 3617**

In his third cause of action, also brought under FHA, Plaintiff alleges

> 70. Plaintiff engaged in protected activity by requesting accommodation, complaining about denial of hygiene access, complaining about unequal and disrespectful treatment, asserting safety concerns, and filing or attempting to pursue grievances and review.

> 7l. Defendant retaliated against Plaintiff for engaging in that protected activity by escalating discipline, imposing the DOS, denying retrieval of medication and essential property, and subjecting Plaintiff to

> intimidation, humiliation, and exclusion.
>
> 72. Defendant's conduct also coerced, intimidated, threatened, and interfered with Plaintiff in the exercise and enjoyment of rights protected by federal housing law.
>
> 73. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries alleged above.

FAC ¶¶ 70-73. Defendant argues this claim must be dismissed because there are no factual allegations found in the FAC addressing any of these alleged protected activities. Mot. at 7. Defendant further argues that, although Plaintiff alleges it retaliated against him for engaging in protected activity, the FAC does not provide it any notice as to the specifics of this alleged retaliation." *Id.*

"It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."[3]  42 U.S.C. § 3617.  To state a claim for retaliation under the FHA, plaintiff must show: (1) he engaged in protected activity; (2) adverse action causally linked to the protected activity; and (3) resulting damage.  *San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir. 1998).

Plaintiff alleges Defendant interfered with his rights "by escalating discipline, imposing the DOS, denying retrieval of medication and essential property, and subjecting Plaintiff to intimidation, humiliation, and exclusion." FAC ¶ 71. "The language 'interfere with' has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws." *Walker v. City of Lakewood*, 272 F.3d 1114, 1129 (9th Cir. 2001) (cleaned up) (quoting *Michigan Protection & Advocacy Serv. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994)).  As such, the Court finds Plaintiff has adequately plead interference.

---

[3] Plaintiff does not state which section is applicable to his claim, but the Court presumes his claim is based on Section 3604, as it is the only provision cited in 42 U.S.C. § 3617 that is referenced in his FAC. *See Creason v. Singh*, 2013 WL 6185596, at *2 (N.D. Cal. Nov. 26, 2013), *aff'd,* 650 F. App'x 462 (9th Cir. 2016) ("Defendants assert, and it appears to the Court, that Section 3604(b) contains the only provision cited in 42 U.S.C. § 3617 that might form the predicate for Plaintiff's Section 3617 cause of action.  Plaintiff does not point to any other provision of Sections 3603, 3604, 3605 or 3606 that might be applicable.").

United States District Court
Northern District of California

United States District Court
Northern District of California

However, as with his FHA discrimination claim, Plaintiff does not state what accommodation he requested. A plaintiff "must allege 'interference' with his right to a reasonable accommodation under § 3604 in order to state a claim under § 3617." *Galia v. Wasatch Advantage Grp. LLC*, 2021 WL 1516372, at *7 (N.D. Cal. Apr. 16, 2021); *see also Atterbury v. Sanchez,* 2012 WL 3638571, at *5 (N.D. Cal. Aug. 22, 2012) (dismissing FHA claims where defendants' wrongful actions occurred because of the plaintiff's complaints, not his disability).

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's FHA retaliation/interference claim. As it is not clear that the pleading could not possibly be cured by the allegation of other facts, dismissal is **WITH LEAVE TO AMEND**.

### D.    42 U.S.C. § 1983

Plaintiff's fourth and fifth causes of action are brought under 42 U.S.C. § 1983 for deprivation of due process (FAC ¶¶ 74-80) and denial of equal protection (*id.* ¶¶ 81-85). However, as the Court previously advised, Plaintiff's § 1983 claims cannot proceed unless he has plausibly alleged Defendant's conduct is "state action."

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Nunn v. LeBlanc*, 2014 WL 1089551, at *3 (N.D. Cal. Mar. 17, 2014), *aff'd sub nom. Nunn v. Le Blanc*, 627 F. App'x 610 (9th Cir. 2015). "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "The 'under color of state law' requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish this element." *Duenas v. Freitas*, 2013 WL 3298249, at *5 (N.D. Cal. June 28, 2013) (citing *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002)). "Purely private conduct, no matter how wrongful, is not covered under § 1983." *Id.* (citing *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 559 (9th Cir. 1974)). The conduct of private actors constitutes state action only where

12

United States District Court
Northern District of California

there is "such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself," such as when a private actor "is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (cleaned up).

Plaintiff alleges Defendant was "acting under color of state law." FAC ¶¶ 76, 82. However, the FAC contains no factual allegations concerning the state's responsibility for Defendant's alleged conduct. Further, Defendant maintains it is a private entity. Mot. at 8-9. As such, based on Plaintiff's allegations, it is unlikely Plaintiff can maintain a claim under § 1983. For example, even though Plaintiff alleges Defendant receives federal funding, "numerous courts in this District have found that the receipt of HUD or other federal funds is insufficient to establish that landlords acted under color of state law in making housing decisions." *Atterbury*, 2012 WL 3638571, at *6 ("[P]laintiff's allegations that defendants' employers receive federal funds is insufficient to establish the 'significant state involvement' necessary for state action. Therefore, plaintiff's constitutional claims must be dismissed."); *see also McMillan v. Henning, Inc.*, 2025 WL 1797652, at *3 (D. Alaska June 30, 2025) (finding plaintiff could not bring § 1983 claim against private nonprofit that operates homeless shelters, even if it received government funding, because it was not a government entity); *Thomas v. Shaw*, 2019 WL 5788776, at *3 (N.D. Cal. Nov. 6, 2019) ("That THC might have received federal funds, without more, does not make it a state actor."). Plaintiff alleges no other grounds on which to find Defendant can be considered a state actor.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's 42 U.S.C. § 1983 claims. As it is not clear that the pleading could not possibly be cured by the allegation of other facts, dismissal is **WITH LEAVE TO AMEND**, but only if Plaintiff can plausibly allege that Defendant's conduct is "state action."

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss **WITH**

13

United States District Court
Northern District of California

**LEAVE TO AMEND**.  If he chooses to do so, Plaintiff may file an amended complaint by July 1, 2026.

**A.    Requirements for Amended Complaint**

Because an amended complaint replaces the previous complaint, it may not incorporate claims or allegations in the original complaint by reference.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Instead, any amendment must include all of the facts and claims to be presented and all of the defendants that are to be sued.  In addition, any amended complaint must include the following sections:

**Caption Page**
On the first page, list the names of the defendant(s), the case number used in this order (25-cv-08457-TSH), the title ("SECOND AMENDED COMPLAINT"), and write "Demand for Jury Trial" if you want your case to be heard by a jury.

**Form of Pleadings**
The factual allegations and claims must be written in numbered paragraphs, each limited as far as practicable to a single set of circumstances.

**Subject Matter Jurisdiction**
The first numbered paragraph in your complaint (labeled "Jurisdiction") should explain why this Court has the power to decide this kind of case.  A federal court can hear a case based on a federal question jurisdiction (a violation of federal law under 28 U.S.C. § 1331) or diversity jurisdiction (when all plaintiffs and all defendants are citizens of different states disputing more than $75,000) under 28 U.S.C. § 1332.

**Parties**
In separate paragraphs for each party, identify the plaintiff(s) and defendant(s) in the case.

**Statement of Facts**
Explain the important facts in numbered paragraphs, describing how the defendant(s) violated the law and how you have been injured.

**Claims**
Include a separate heading for each legal claim (Claim 1, Claim 2, etc.), identifying the specific law that you think the defendant(s) violated and explaining in numbered paragraphs what each defendant did to violate each law.

**B.    Assistance for Self-Represented Litigants**

The Court again encourages Plaintiff to seek assistance from the Federal Pro Bono Project, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.

14

You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Federal Pro Bono Project, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at https://www.cand.uscourts.gov/pro-se-litigants/.

Plaintiff may also wish to obtain a copy of this District's *Handbook for Litigants Without a Lawyer*, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: https://www.cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: June 1, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

15