UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br>v.<br>FIVE KEYS SCHOOLS AND PROGRAMS,<br>Defendant. | Case No. 25-cv-08457-TSH<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 41 |

## I. INTRODUCTION

Plaintiff John Doe, who is representing himself, filed this action against Defendant Five Keys Schools and Programs arising from events at a shelter operated by Five Keys in San Francisco. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 41. Plaintiff filed an Opposition (ECF No. 42) and Defendant filed a Reply (ECF No. 43). The Court finds this matter suitable for disposition without oral argument and **VACATES** the September 10, 2026 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the motion.[1]

## II. BACKGROUND

### A. Factual Background

On September 30, 2025, Plaintiff was residing in a Five Keys shelter program in San Francisco that served as his temporary residence, where he slept, used bathroom and shower facilities, stored prescription medication and personal property, and he expected to remain there while complying with program rules and review processes. Sec. Am. Compl. ¶¶ 12-13, ECF No.

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 13, 26.

40. Plaintiff alleges physical and mental impairments, including post-traumatic stress disorder, chronic pain and mobility limitations, that substantially limited major life activities, and that sudden, hostile, or confrontational interactions aggravate his symptoms. *Id.* ¶¶ 14-16. Plaintiff alleges he disclosed disabilities and medical needs to Five Keys staff and "repeatedly requested disability accommodation, trauma-informed communication, and de-escalation," and "equal access to hygiene, bathrooms, and showers." *Id.* ¶¶ 15-17. After making these requests, "staff hostility and dismissiveness increased," and staff accused Plaintiff of wrongdoing, describing Plaintiff as disruptive or aggressive and preparing internal narratives concerning Plaintiff's conduct. *Id.* ¶¶ 19-19A & p.18.

On September 30, 2025, Five Keys staff imposed an Immediate Denial of Service (DOS) that removed Plaintiff from the shelter. *Id.* ¶ 22. Plaintiff alleges that before imposing the DOS, Defendant did not provide the requested trauma-informed communication, de-escalation measures, or individualized assessment of disability-related needs, and did not consider less restrictive alternatives such as mediation, a cooling-off period, temporary separation, safety planning, or clinical intervention. *Id.* ¶¶ 22-24 & p.19. Plaintiff alleges he did not receive adequate advance notice of specific allegations, a fair opportunity to present an account, access to evidence, or a neutral review before the DOS took effect. *Id.* ¶ 25 & p.19. Plaintiff alleges the DOS functioned as an immediate expulsion because he had nowhere else to stay and no safe alternative placement while awaiting an internal hearing scheduled for October 6, 2025. *Id.* ¶¶ 25-27 & p.19. Plaintiff further alleges Defendant did not conduct a neutral investigation before exclusion, including that Defendant did not gather independent witness statements, video evidence, a behavioral-health assessment, or other neutral evidence. *Id.* ¶ 19 & p.19.

After the DOS, Plaintiff requested access to retrieve prescription medication, identification, clothing, hygiene items, legal materials, electronics, and other essential property stored at the shelter, but Five Keys staff denied or materially delayed those requests. *Id.* ¶¶ 27-28. Plaintiff alleges the denial and delay caused or worsened nausea, migraines, pain flares, sleep disruption, anxiety, distress, physical instability, and difficulty managing daily symptoms, and that certain personal items later appeared to be missing after his property was eventually retrieved. *Id.*

¶¶ 29-29B Plaintiff alleges increased physical pain affecting the spine, hips, legs, and left arm; reduced ability to walk or stand for extended periods; difficulty carrying belongings; and increased fatigue from being unable to rest in a safe location. *Id.* ¶ 30. He also alleges worsened PTSD symptoms, heightened fear, panic, hypervigilance, humiliation, loss of trust in shelter staff, housing instability and unsafe exposure, disrupted medication and hygiene routines, missed medical and legal appointments, more than $500 in replacement costs, and ongoing harm. *Id.* ¶¶ 31-33, 37-41 & p.20. Plaintiff alleges he sought police accompaniment from the San Francisco Police Department's Tenderloin Station to retrieve property, but the responding officer declined to intervene because the matter was treated as noncriminal. *Id.* ¶ 36. He later sought evaluation or treatment at Zuckerberg San Francisco General Hospital after losing shelter stability and medication access. *Id.* ¶ 37.

Plaintiff alleges that during these events, a manager or supervisor stated, in substance, that Defendant did not care about lawsuits, always wins, and had dealt with "people like" Plaintiff before and knew "how to handle people like" Plaintiff." *Id.* ¶ 44. Plaintiff alleges relevant decisionmakers had authority to approve communication modifications, de-escalation measures, temporary alternatives, medication retrieval, property retrieval, or other accommodations, and had notice of Plaintiff's disability-related requests, but did not engage in a meaningful accommodation process. *Id.* ¶¶ 45-46A.

**B. Procedural Background**

Plaintiff filed his initial complaint on October 3, 2025, alleging claims under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a); 42 U.S.C. § 1983 (Equal Protection and Due Process); and the Fair Housing Act (FHA), 42 U.S.C. § 3604(f)(2)(A). *Id.* at 5-6. Plaintiff sought $20,000,000 in damages, an injunction prohibiting further retaliation, and a declaratory judgment "confirming the constitutional violations." ECF No. 1.

On January 21, 2026, Defendant moved to dismiss Plaintiff's original complaint. ECF No. 22. On February 27 the Court granted Defendant's motion. ECF No. 29; *Doe v. Five Keys Schs. & Programs*, 2026 WL 555493 (N.D. Cal. Feb. 27, 2026). The Court found the complaint failed

United States District Court
Northern District of California

to comply with Federal Rule of Civil Procedure 8 because it did not tie specific facts to each claim and did not provide fair notice of his claims. ECF No. 29 at 4. The Court dismissed Plaintiff's Title II claim because he did not allege Five Keys is a public entity. *Id.* at 5. Dismissal was with leave to amend, noting Plaintiff may be able to plead a Title III ADA claim instead. *Id.* at 5-6. The Court dismissed Plaintiff's Rehabilitation Act claim with leave to amend because he failed to tie allegations to this claim and did not plead the required elements. *Id.* at 6. The Court dismissed Plaintiff's § 1983 claim with leave to amend because Five Keys is a private entity and Plaintiff alleged no facts showing state action attributable to it. *Id.* at 6-8. The Court dismissed the FHA claim with leave to amend because Plaintiff did not allege facts showing discrimination because of a disability or facts about any requested accommodation. *Id.* at 8-9.

On March 30, 2026, Plaintiff filed a First Amended Complaint, alleging five causes of action: (1) violation of Section 504 of the Rehabilitation Act, (2) Disability Discrimination and Failure to Accommodate under the FHA; (3) Retaliation and Interference with Fair Housing Rights, 42 U.S.C. § 3617; (4) 42 U.S.C. § 1983 (Due Process); and (5) 42 U.S.C. § 1983 (Equal Protection and Disability-Based Arbitrary Treatment). Plaintiff sought $20,000,000 in damages and declaratory and injunctive relief.

After Defendant again moved for dismissal, ECF No. 31, on June 1, 2026, the Court granted Defendant's motion. ECF No. 35; *Doe v. Five Keys Schs. & Programs*, 2026 WL 1538116, at *1 (N.D. Cal. June 1, 2026). As to Plaintiff's Rehabilitation Act claim, the Court noted that, unlike his prior complaint, Plaintiff set forth the elements of the claim, but he still set forth his factual allegations in a conclusory fashion. ECF No. 35 at 5-7. The Court granted leave to amend to state the specific factual allegations that show how he was discriminated against by reason of a disability. *Id*. at 7. The Court also noted that, as Plaintiff sought damages, he must allege intentional discrimination. *Id.* at 7-8. As to his FHA discrimination and failure to accommodate claims, the Court granted dismissal with leave to amend for Plaintiff to allege specific facts showing Defendant discriminated against him because of a disability. *Id.* at 8-10. As to his FHA retaliation and interference claims, the Court found Plaintiff adequately plead interference, but amendment was necessary because he did not state what accommodation he

requested. *Id.* at 11-12. As to Plaintiff's § 1983 claim, the Court found it was unlikely Plaintiff could maintain such a claim because Defendant is a private entity and there were still no factual allegations concerning the state's responsibility for Defendant's alleged conduct. *Id.* at 12-13. The Court granted leave to amend, but only if Plaintiff could plausibly allege that Defendant's conduct is "state action." *Id.* at 13.

On July 30, 2026, Plaintiff filed the operative Second Amended Complaint, alleging three causes of action: (1) violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (2) disability discrimination and failure-to-accommodate under the FHA, 42 U.S.C. § 3604(f); and (3) retaliation and interference claim under the FHA, 42 U.S.C. § 3617. Sec. Am. Compl. ¶¶ 47-64.

Defendant filed the present motion on July 28, 2026. ECF No. 41.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim. A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted). Rule 8 provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

Defendant argues Plaintiff's second amended complaint still fails to comply with Rule 8 because Plaintiff does not provide sufficient factual details about his claims. Mot. at 5-6. The Court disagrees.

### A. Rehabilitation Act

The Rehabilitation Act prohibits discrimination in federally funded programs. It provides: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). A plaintiff bringing suit under section 504 must show: "(1) she is a qualified individual with a disability; (2) she was denied a reasonable accommodation that she needs in order to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives federal financial assistance." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (cleaned up).

The Court finds the amended complaint plausibly alleges each of these elements. First, Plaintiff alleges he suffers from documented disabilities, including PTSD, chronic pain, and mobility impairment, which substantially limit major life activities. Second, Plaintiff alleges he was residing in Defendant's shelter and was eligible to receive its shelter, housing, and supportive services before the denial of service. He alleges no facts indicating he was otherwise ineligible to

participate in Defendant's federally funded services. Third, Plaintiff alleges Defendant knew of his disabilities, repeatedly received requests for disability accommodations, and nevertheless treated manifestations of his disability-related distress as misconduct, failed to provide the requested accommodations, and immediately excluded him from the shelter. Plaintiff further alleges Defendant denied or materially delayed his access to medication and essential property following the denial of service. Whether the requested modifications are reasonable and necessary, and whether any would fundamentally alter Defendant's program, are merits issues inappropriate for resolution at this stage. At the pleading stage, this allegation is sufficient.

Defendant also argues Plaintiff fails to plead intentional discrimination. Mot. at 8. To prevail on a claim for damages under section 504, Plaintiff "must prove a *mens rea* of 'intentional discrimination' and that standard may be met by showing 'deliberate indifference,' not only by showing 'discriminatory animus.'" *A.G.*, 815 F.3d at 1204 (cleaned up). The statute substantively requires provision of a reasonable accommodation regardless of whether it has been intentionally denied, but the remedy of damages is only available upon a showing of intentional discrimination. *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008).

> Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood. The plaintiff establishes the requisite knowledge (or notice) on behalf of the defendant when she shows that she alerted the public entity to her need for accommodation (or where the need for accommodation is obvious, or required by statute or regulation).

*A.G.*, 815 F.3d at 1204 (cleaned up).

Even where such notice has been provided, "a failure to act must be more than negligent," and instead must "involve[ ] an element of deliberateness." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 469 (9th Cir. 2015) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001)). "[B]ureaucratic slippage that constitutes negligence rather than deliberate action or inaction" is not sufficient. *Duvall*, 260 F.3d at 1139. Thus, if Plaintiff seeks damages based on his Rehabilitation Act claim, he must also plead the necessary mens rea requirement. For a claim with a mens rea requirement (here, intent or deliberate indifference), a bare assertion that a defendant "knew or should have known" of a risk is the sort of "[t]hreadbare

recitals of the elements of a cause of action" and "mere conclusory statement[ ]" that does not suffice to state claim. *See Iqbal*, 556 U.S. at 678–79.

Plaintiff alleges Defendant knew of his disabilities, knew accommodations had been requested, failed to consider or implement those accommodations, and proceeded with immediate exclusion despite foreseeable harm, including denial of medication and shelter. These allegations plausibly allege deliberate indifference sufficient to survive dismissal.

Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's first cause of action.

**B. Discrimination and Failure to Accommodate Under the FHA, 42 U.S.C. § 3604**

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of" that person. 42 U.S.C. § 3604(f)(2)(A). To state a discrimination claim, Plaintiff must establish a prima facie case by alleging facts that (1) his rights are protected under the FHA; and (2) as a result of Defendant's discriminatory conduct, he has suffered a distinct and palpable injury. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Where, as here, Plaintiff is alleging discrimination based on disability, he must suffer from a handicap as defined in 42 U.S.C. § 3602(h). *United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997). The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

To make out a claim of discrimination based on failure to reasonably accommodate, a plaintiff must demonstrate: (1) "he suffers from a handicap"; (2) "defendants knew or reasonably should have known of the plaintiff's handicap"; (3) "accommodation of the handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling"; and (4) "defendants refused to make such accommodation." *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (citing *Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d at 1380). Discrimination includes the "refusal to make reasonable accommodations in rules, policies,

practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

The Court finds the amended complaint plausibly alleges each of these elements. First, Plaintiff alleges he suffers from documented disabilities, including PTSD, chronic pain, and mobility impairment. He further alleges these impairments substantially limit major life activities, including walking, sleeping, concentrating, and interacting with others.

Second, Plaintiff plausibly alleges Defendant knew or reasonably should have known of his disabilities. He alleges that, while residing at Defendant's shelter, Plaintiff repeatedly informed staff of his disability-related limitations and requested accommodations. Plaintiff further alleges Defendant's staff were aware of his disabilities, yet treated manifestations of them as misconduct rather than considering the requested accommodations.

Third, the amended complaint identifies specific accommodations Plaintiff alleges were necessary to afford him an equal opportunity to use Defendant's shelter. Plaintiff alleges he requested trauma-informed communication; de-escalation in lieu of immediate punishment; individualized consideration of disability-related distress; equal access to bathrooms, showers, and hygiene facilities; respectful treatment; and coordinated retrieval of prescription medication and other essential property. He further alleges these accommodations were directly related to his disabilities and were necessary to permit him to continue residing safely in the shelter and to maintain access to shelter-related services and medically necessary treatment. Again, whether the requested accommodations are reasonable and necessary, and whether any would fundamentally alter Defendant's program, are merits issues inappropriate for resolution at this stage. These allegations are sufficient to plausibly allege that the requested accommodations "may be necessary" within the meaning of § 3604(f)(3)(B). *See Giebeler*, 343 F.3d at 1147-48.

Fourth, Plaintiff plausibly alleges Defendant refused to provide the requested accommodations. He alleges that, before issuing the DOS, Defendant failed to provide trauma-informed communication, de-escalation, individualized assessment, mediation, a cooling-off period, safety planning, clinical intervention, or other less restrictive alternatives. Instead, Defendant allegedly excluded Plaintiff from the shelter and thereafter denied or materially delayed

his access to prescription medication, identification documents, clothing, hygiene supplies, legal materials, and other essential belongings. Accepting these allegations as true, Plaintiff has plausibly alleged Defendant refused to make the requested accommodations.

Plaintiff also adequately alleges his rights are protected under the FHA and that he suffered a distinct and palpable injury because of Defendant's alleged conduct. He alleges Defendant operated the Five Keys shelter, that it functioned as his dwelling, and that Defendant's actions interfered with his continued use and enjoyment of that dwelling. Plaintiff further alleges Defendant's refusal to accommodate his disabilities resulted in his exclusion from the shelter, denial or delay of access to prescription medication and essential personal property, worsening physical pain, increased PTSD symptoms, emotional distress, housing instability, financial loss, and continuing difficulty obtaining stable housing and medical care. These alleged injuries are sufficient at the pleading stage.

Accordingly, Defendant's motion to dismiss Plaintiff's second cause of action is **DENIED**.

**C. Retaliation and Interference Under the FHA, 42 U.S.C. § 3617**

The FHA provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. To state a claim for retaliation, Plaintiff must show: (1) he engaged in protected activity; (2) adverse action causally linked to the protected activity; and (3) resulting damage. *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir. 1998).

The Court finds the amended complaint plausibly alleges each of these elements. First, Plaintiff alleges that before the DOS he repeatedly requested disability accommodations, complained regarding unequal treatment, raised safety concerns, and referenced grievance procedures and legal remedies. Second, Plaintiff alleges Defendant subjected him to multiple adverse actions, including imposition of an immediate DOS, removing him from the shelter, denying or delaying his access to prescription medication and essential belongings, and interfering with his continued access to shelter-related services. *See Walker v. City of Lakewood*, 272 F.3d

United States District Court
Northern District of California

1114, 1129 (9th Cir. 2001) ("'[I]nterference,' in particular, 'has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws.'") (quoting *United States v. Hayward,* 36 F.3d 832, 835 (9th Cir. 1994)). Third, Plaintiff plausibly alleges a causal connection, as he alleges Defendant's staff became increasingly hostile after his requests. Plaintiff alleges this escalating hostility culminated in a disputed accusation, his immediate exclusion from the shelter, and denial of access to medication and essential property. At the pleading stage, the alleged temporal sequence and escalating pattern of conduct are sufficient to support a plausible inference of retaliation or interference. *See Walker*, 272 F.3d at 1130.

Accordingly, Defendant's motion to dismiss Plaintiff's third cause of action is **DENIED**.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss. Defendant shall file its answer by September 1, 2026. The Court shall conduct a case management conference on October 1, 2026 at 10:00 a.m. The conference shall take place by Zoom video conference. The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/. This conference shall be attended by lead trial counsel. Parties who are not represented by counsel must appear personally at the Zoom conference. By September 24, 2026, the parties shall file a Joint Case Management Statement containing the information in the Standing Order for All Judges in the Northern District of California, available at: http://cand.uscourts.gov/tshorders. The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: August 18, 2026

THOMAS S. HIXSON
United States Magistrate Judge