UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br>v.<br>FIVE KEYS SCHOOLS AND PROGRAMS,<br>Defendant. | Case No. 25-cv-08457-TSH<br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br>Re: Dkt. No. 52 |

## I. INTRODUCTION

Plaintiff John Doe, who is self-represented, moves for leave to file a third amended complaint under Federal Rule of Civil Procedure 15. ECF No. 52. Defendant Five Keys Schools and Programs opposes the motion. ECF No. 56. The Court finds this matter suitable for disposition without oral argument and **VACATES** the November 19, 2026 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** leave to amend.[1]

## II. BACKGROUND

### A. Factual and Procedural Background

This action concerns Plaintiff's alleged exclusion from a shelter operated by Five Keys in San Francisco, and the alleged denial of disability accommodations and of access to his medication and essential property. The Court has previously summarized the allegations and recounts only those necessary to resolve this motion. *See* ECF Nos. 29, 35, 44.

Plaintiff filed his original complaint on October 3, 2025, asserting claims under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 13, 26.

United States District Court
Northern District of California

the Fair Housing Act (FHA). ECF No. 1. That complaint also named "John Doe Shelter Ambassador(s); Does 1-5" as defendants. On February 27, 2026, the Court dismissed the complaint with leave to amend, explaining among other things that Plaintiff had named those defendants without explaining why each was liable and had not tied his facts to his claims. ECF No. 29 at 4–5.

Plaintiff filed his First Amended Complaint on March 11, 2026, this time not including any Doe defendants. ECF No. 30. On June 1, 2026, the Court again granted dismissal with leave to amend, explaining that Plaintiff pleaded his facts in a conclusory fashion, incorporated by reference all preceding paragraphs into each claim, and did not meaningfully distinguish which facts were relevant to which claims. ECF No. 35 at 5–6.

Plaintiff filed the operative Second Amended Complaint (SAC) on July 14, 2026, asserting three claims against Five Keys: violation of Section 504, disability discrimination and failure to accommodate under 42 U.S.C. § 3604(f), and retaliation and interference under 42 U.S.C. § 3617. ECF No. 40. The SAC does not name any Doe defendants. On August 18, 2026, the Court denied Five Keys' motion to dismiss, finding the SAC plausibly alleged each claim. ECF No. 44 at 6–10. Five Keys answered on August 28, 2026. ECF No. 46.

On September 25, 2026, the Court issued a Case Management Scheduling Order that sets November 19, 2026 as the deadline to seek leave to amend the pleadings. ECF No. 48.

Plaintiff filed the present motion on October 8, 2026.

**B. Proposed Amendments and Opposition**

The proposed third amended complaint (TAC) appears at pages 24 through 48 of ECF No. 52. It retains the same three claims and adds factual detail about the requested accommodations, staff responses, the exclusion, and access to medication and property. TAC ¶¶ 18–48, 59–85. It also names Does 1 through 10 as defendants, described as Five Keys employees or agents whose names Plaintiff does not know. *Id.* ¶¶ 10–11. The first claim is asserted against Five Keys alone. The second and third claims are asserted against Five Keys and the Doe defendants, who are sued in their individual capacities. *Id.* ¶ 12.

Paragraph 10 identifies the Doe defendants by their alleged roles in the events: managers

or supervisors who imposed, directed, approved, or ratified the exclusion, staff who received accommodation requests, restricted hygiene access, or supplied accusations used to justify the exclusion, staff who controlled access to medication and property, and the manager or supervisor who allegedly made statements discouraging Plaintiff from pursuing his rights. Plaintiff alleges the individuals' identities can be determined from records in Five Keys' possession and states that he will seek leave to substitute their names when discovery reveals them. *Id.* ¶¶ 10–11.

Five Keys argues that amendment would be futile because the TAC alleges no facts concerning any particular Doe defendant and is a shotgun pleading. It also argues the amendment is the product of undue delay because Plaintiff has always known that he dealt with shelter staff, and that adding unidentified defendants now will only require another amendment later. Opp'n at 2, 4–5.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Because Plaintiff is representing himself, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

## IV. DISCUSSION

### A. Bad Faith and Undue Delay

As to the first factor, bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). As to the second, a moving party's inability to sufficiently explain its delay may indicate that the delay was undue. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness. *Id.*; *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Rather, undue delay combined with other factors may warrant denial of leave to amend. *See, e.g.*, *Jackson*, 902 F.2d 1387–89 (holding that prejudice and undue delay are sufficient to deny leave to amend); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("delay of nearly two years, while not alone enough to support denial, is nevertheless relevant").

Five Keys identifies no evidence that Plaintiff seeks amendment in bad faith, and the Court finds none in the proposed changes. The TAC concerns the same shelter events and the same three claims already being litigated. It does not try to restore the ADA or § 1983 claims omitted from the SAC.

Five Keys correctly observes that Plaintiff knew shelter personnel were involved when he filed suit. Indeed, his original complaint named "Does 1-5" as shelter personnel. But the procedural context does not show delay sufficient to deny the motion. The Court dismissed the original Doe allegations because Plaintiff had not explained why each person was liable, ECF No.

United States District Court
Northern District of California

29 at 4–5, and the SAC, which omitted them, was the first pleading the Court found sufficient. ECF No. 44. Plaintiff then sought amendment less than two weeks after the scheduling order issued and before the deadline to do so. Plaintiff represents that he prepared his leave-to-amend papers on September 26, 2026, the day after the scheduling order issued, and electronically filed them after the Court directed him to do so. Reply at 15, ECF No. 57; *see also* ECF No. 51 (October 7, 2026 Order noting Plaintiff filed a declaration on October 5 that referenced a September 26, 2026 motion for leave to amend and proposed third amended complaint that the Court had not received, and directing Plaintiff to file those documents if he believed they had already been submitted). The proposed changes also clarify existing allegations and identify the categories of people Plaintiff seeks to hold responsible, whose names he alleges are available from Five Keys. TAC ¶ 11; Reply at 16. Given the absence of demonstrated prejudice, discussed below, Plaintiff's prior knowledge that staff were involved does not outweigh Rule 15's policy favoring amendment. *See Eminence Capital*, 316 F.3d at 1052.

**B. Prejudice to the Opposing Party**

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "To overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings a showing of prejudice must be substantial." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010) (citing *Genentech, Inc. v. Abbott Lab'ys*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)). "Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Id.* (citing *Genentech*, 127 F.R.D. at 531).

The party opposing amendment bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187. Five Keys does not identify discovery that must be repeated, a deadline that cannot be met, or a defense that would be impaired by the proposed amendment. The new allegations concern the same accommodation requests, exclusion, and property access already at issue. Fact discovery remains open until March 31, 2027, the deadline for dispositive motions is July 22, 2027, and Plaintiff requests no extension of any date.

Five Keys argues that granting leave "serves no purpose" because Plaintiff will have to seek leave again to substitute the Doe defendants' true names. Opp'n at 5. Plaintiff responds that naming the Does now identifies the individual conduct at issue and gives notice of the scope of the claims before discovery closes. Reply at 16–17. Although discovery may also reveal the individuals' names without their present joinder, the Court finds the need for a later substitution does not itself show undue prejudice. The amendment also adds factual detail to the existing claims. The addition of individuals may require further discovery and, once they are identified, service and an opportunity to respond, but Five Keys identifies no resulting impairment of its ability to defend this case. This factor favors amendment.

**C. Futility of Amendment**

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted). As the Supreme Court has held: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Miller*, 845 F.2d at 214. The question is whether the proposed pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Five Keys raises two related futility arguments: the Doe allegations are insufficiently specific, and the TAC is an impermissible shotgun pleading. Opp'n at 4–5. Neither warrants denying leave on this record.

First, the proposed Doe defendants are not identified solely as persons employed by Five Keys. Paragraph 10 describes them through their alleged participation in particular events, and those descriptions correspond to other allegations in the TAC that staff received and rejected accommodation requests, restricted hygiene access, imposed or approved the exclusion, withheld access to medication and property, and made statements discouraging protected activity. TAC ¶¶ 10, 21–31, 35–43. Paragraphs 76 and 85 allege that each Doe defendant personally participated

in, directed, approved, or ratified the conduct underlying the FHA claims. Those allegations are general, and the Court would expect more specificity as to any individual once he or she is named. But read together, the allegations identify the actors Plaintiff seeks to sue by what they allegedly did, even though their names and the precise allocation of overlapping roles remain unknown. Five Keys' own description of the TAC recites those same acts. Opp'n at 3.

A plaintiff who does not know a defendant's identity "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff identifies likely sources of the missing information, including staff schedules, incident reports, exclusion approvals, grievance materials, and property-release records. TAC ¶ 11. Nothing presently shows that discovery could not identify the alleged participants, and Five Keys' observation that Plaintiff may learn their identities in discovery, Opp'n at 5, supports allowing him to plead claims against them rather than requiring him to wait.

Second, the TAC is not an impermissible shotgun pleading. "Incorporation by reference is permitted by Rule 10(b) and (c), but when it is used indiscriminately, it becomes a shortcut by counsel that violates Rule 8." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026). A shotgun pleading is one where "a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count," making it difficult for the opposing party to respond. *Id.* (citation omitted). Such pleadings include complaints that assert multiple claims against multiple defendants without specifying which defendants are responsible for which acts. *See id.* The inquiry is whether the pleading's structure and allegations give adequate notice of the claims and their factual bases.

Although each TAC claim incorporates paragraphs 1 through 58, those paragraphs precede the claims. The claims do not successively incorporate all earlier claims. TAC ¶¶ 59, 69, 78. More significantly, the claims themselves explain their factual bases. The first identifies Plaintiff's limitations, qualifications, the federal funding allegations, the requested accommodations, the exclusion, and a deliberate indifference theory. *Id.* ¶¶ 61–67. The second

identifies the shelter as Plaintiff's dwelling and describes the communication modifications, hygiene access, and medication and property access allegedly denied. *Id.* ¶¶ 70–76. The third identifies the accommodation requests and complaints as protected activity, specifies the alleged retaliatory acts, and alleges timing and statements supporting causation. *Id.* ¶¶ 80–85. Paragraph 12 states which defendants face each claim.

Five Keys also points out that the second and third claims are asserted against "All Defendants" and refer to "Defendants" collectively. Opp'n at 5. The fact that Five Keys is presently the only appearing defendant does not dispense with Rule 8's requirements as to the proposed individual defendants. Nor would the bare allegation that each Doe participated in or ratified wrongdoing suffice without factual support. Here, however, paragraph 10 identifies the Does by their alleged participation in particular events, and the factual allegations describe the receipt and rejection of accommodation requests, restrictions on hygiene access, the exclusion decision, denial of access to medication and property, and statements discouraging protected activity. TAC ¶¶ 10, 21–31, 35–43; Reply at 11–12. Read with the count-specific allegations, these descriptions identify the alleged participants by conduct and provide a factual basis for the claims despite the presently unknown names. The Court does not construe the TAC as imposing liability merely because a person worked at the shelter, held a supervisory title, or received a disclosure. As discovery identifies the participants, Plaintiff must connect each named defendant's own actionable conduct to each claim asserted against that person.

More generally, the merits of a proposed pleading are usually not decided on a motion for leave to amend. "'The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'" *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *McClurg v. Maricopa Cnty.*, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)). Thus, "'denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *dpiX LLC v. Yieldboost Tech, Inc.*, 2015 WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037,

1043 (E.D. Cal. 2010)). Five Keys may raise any remaining pleading challenges in a motion directed to the TAC. This ruling addresses only whether the proposed pleading is futile, and it does not decide whether Plaintiff can prove his allegations or whether any later-identified person will have a valid defense. This factor favors amendment.

**D. Previous Amendments**

Plaintiff has already amended twice, which broadens the Court's discretion to deny further amendment. *See Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed.") (cleaned up); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion is "particularly broad" when it has already granted a plaintiff leave to amend). This consideration weighs against further amendment, particularly because the original complaint already named unidentified personnel and the Court previously explained the need for defendant-specific allegations. ECF No. 29 at 4–5. Still, the number of prior amendments is not dispositive. The SAC survived dismissal, and the proposed TAC supplies further detail rather than merely repeating the conclusory allegations previously rejected. Plaintiff is not seeking another opportunity to save claims the Court has repeatedly found deficient, so this is not a case of "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. The prior amendments do not outweigh the absence of prejudice and the failure to show futility, particularly where Plaintiff is representing himself. On balance, the Rule 15 factors favor granting leave.

## V. CONCLUSION

Based on the analysis above, the Court **GRANTS** Plaintiff's motion for leave to file a third amended complaint. Under Civil Local Rule 15-1(b), Plaintiff must file the amended pleading as a separate docket entry within seven days of this order. Five Keys shall respond to the amended complaint within the time provided by Federal Rule of Civil Procedure 15(a)(3). The existing case management deadlines remain in effect. Plaintiff must diligently seek the Doe defendants' identities through discovery and promptly seek leave to substitute their true names once he learns

them.

**IT IS SO ORDERED.**

Dated: November 6, 2026

THOMAS S. HIXSON
United States Magistrate Judge